GEORGE GILL v. BARNEY SEALBRIDGE.

1. APPEAL FROM JUDGMENT FOR DAMAGES AND DISMISSAL FOR REFUSAL TO GIVE SECURITY FOR COSTS.

   Where the parties to an action of replevin appear for trial, and the justice dismisses the suit because the plaintiff refused to comply with an order requiring security for costs, but heard evidence as to defendant's damages, and gave judgment against plaintiff therefor, and appeal to the common pleas was sustained.

2. SECURITY FOR COSTS REQUIRED IN COMMON PLEAS AFTER APPEAL.

   Where, on such appeal, plaintiff files his petition in the common pleas, he may be required, on motion to give security for costs.

3. LEAVE TO SUBSTITUTE COPIES OF LOST PAPERS, IN APPELLATE COURT.

   If leave is given plaintiff, after appeal, to substitute a new transcript and petition, it being made to appear to the appellate court that the papers were lost or mislaid, and he fails to comply, leave may be given to the defendant to file a copy of the transcript and answer.

4. DEFENDANT ON APPEAL MAY CLAIM DAMAGES IN EXCESS OF JUSTICES' JURISDICTION.

   Upon appeal from a justice the appellate court has jurisdiction to try the issues, notwithstanding the defendant by his answer claims damages of a sum in excess of the jurisdiction of the justice.

5. PLAINTIFF ON APPEAL NOT LIMITED BY JUSTICES' JURISDICTION, IN REPLEVIN CASE.

   On appeal of a replevin case, where the property has been appraised before the justice at less than $300, and trial had, plaintiff may recover his real damages in the appellate court.

6. TWO VERDICTS IN A CASE NOT PREJUDICIAL WHEN JUDGMENT WAS ENTERED ON BUT ONE.

   The record showed that a jury trial was had and a verdict for defendant. No judgment was rendered on this verdict, but by the journal it appeared that on the following day plaintiff failed to appear, and that a jury assessed the defendant's damages, and judgment against plaintiff therefor was rendered. It being considered that the case was submitted to the jury but once. One of the entries was a mistake, and when the second was made the first should have been stricken out. But the party was not prejudiced, as no judgment was entered on the first verdict.

7. ALL PROBATE COURTS NEED NOT HAVE SAME JURISDICTION.

   The legislature has authority under sec. 8, art. 4 of the constitution, has authority to give the probate court of one or more counties of the state jurisdiction not conferred upon the probate courts of other counties.

8. LAW FOR BUTLER COUNTY PROBATE VOID BECAUSE APPLIES TO COMMON PLEAS COURT OF THAT ONE COUNTY ONLY.

   The act of May 19, 1894, (91 O. L., 191) in conferring upon the court of common pleas of Butler county jurisdiction to transfer to the probate court of the county all cases therein then pending on appeal from justices, or which might thereafter be appealed to said court, and to confer upon the probate jurisdiction thereof, attempts to regulate the jurisdiction of the common pleas of that county, and conflicts with that section of the constitution requiring all laws of a general nature to have an uniform operation throughout the state.

Gill v. Sealbridge.

9. ACT VOID BECAUSE INTERFERES WITH JURISDICTION OF THE CIRCUIT COURT OF THAT ONE COUNTY ONLY.

The provisions of the same act requiring appeals and petitions in error from the probate to go to the circuit court, deprives the common pleas of jurisdiction conferred upon it by other statutes, in appeal and error cases, and attempts also to change the jurisdiction of the circuit court, by giving it rights not conferred upon that court in any other county of the state, and renders the act invalid on constitutional grounds.

ERROR to the Court of Common Pleas of Butler county.

SMITH, J.

It appears from the papers in this case that on November 15, 1888, the plaintiff in error, Gill, commenced a proceeding in replevin before a justice of the peace of Butler county against Sealbridge to recover the possession of one "stud colt," of which he said he was the owner, and which the defendant wrongfully detained from him, and to recover damages for such detention. The writ issued to the constable was duly served and the horse taken and delivered to plaintiff, and a bond given, the horse having been appraised at $200. When the parties appeared for trial, on the motion of the defendant, the plaintiff was ordered to give security for costs. This he refused to do, and thereupon the justice dismissed the suit of plaintiff and heard evidence as to the damages of the defendant, and rendered a judgment in his favor against the plaintiff for $200 and costs. From this judgment the plaintiff appealed to the court of common pleas and the transcript was duly filed in said court.

In January, 1889, a petition was filed, and on September 11, a motion for security for costs was filed, and which was furnished in September, 1894, and on November 21, 1889, an answer was filed by leave. In 1894, the case was transferred by the common pleas court to the probate court for trial under the act found in 91 Ohio Laws, 791. In May, 1896, it being made to appear to the probate court that the papers in the case were lost or mislaid, leave was given plaintiff to substitute a new transcript and petition, which was ordered to be done by July 1. 1896. On July 8, 1897, it being made to appear to the court that transcript and all the pleadings had been mislaid, including defendant's answer, leave was given the defendant to substitute and file a copy of the transcript and answer, which was then done. On the same day is an entry showing that the parties came, and a jury was impanelled and sworn and trial had, and a verdict for defendant, and his damages assessed at $400. No judgment was rendered on this verdict, but on the next day appears an entry on the journal (July 9, 1897), showing an appearance of defendant, but the plaintiff had failed to appear and had failed to substitute copies of pleadings, which were still lost or mislaid, and that defendant was allowed to file a duly certified transcript from the docket of the justice and a copy of the answer filed by him in the case, and that this was done; and that as plaintiff failed to appear and prosecute the case, a jury be impanelled to inquire into the right of property and the right of possession of the defendant in said property. And a jury being impanelled and sworn and a trial had, the jury found that the right of property and to the possession of the property was in the defendant at the commencement of the action, and assessed his damages at $400, and thereupon judgment was rendered by the court in favor of defendant against the plaintiff for said sum of $400 and costs. A motion for a new trial was filed but overruled by the court, on the remittitur by the defendant of

$100 of the judgment, and the judgment then rendered for the $300. No bill of exceptions was ever allowed, and the question is whether on the face of the record this judgment was erroneous.

It is claimed by counsel that there was error committed to the prejudice of the plaintiff in error in quite a number of particulars, among others in these:

"First—That the probate court erred in rendering a judgment on July 9, 1897, against the plaintiff in error, and in the rendition of the judgment of February 24, 1898, modifying the judgment of July 9, 1897, and rendering the judgment for $300, when there was a judgment for defendant in the same subject-matter for $400."

In fact there was no judgment entered on the verdict, which appears to have been entered on July 8. It is reasonable to suppose from what appears, that the case was submitted to the jury but once, though the entry shows two trials by the same jury, one on the eighth and one on the ninth. Doubtless there have been two entries by mistake of the one submission to the jury and the one verdict. When the second was entered, the first should have been stricken out, but it was not done. But even if there were two verdicts, as judgment was not entered on the first, we see no prejudice to the plaintiff in error.

Second — It is claimed that when the answer of the defendant asked damages in the sum of $400, the probate court had no jurisdiction to try the issue, as the justice from whose docket the case was appealed, only had jurisdiction as to cases involving $300 or less.

No claim for damages was made by defendant in the justice's court by way of answer. The property was appraised at $200 and the justice had jurisdiction to try the case. His decision was appealed from. The common pleas then had jurisdiction of the case on appeal. The filing of an answer by defendant in the common pleas claiming damages in the sum of $400 did not deprive that court of jurisdiction to proceed to try it. Under such circumstances our opinion is that the defendant was entitled to claim damages over $300, and if proved, to recover that amount. It would be singular if the plaintiff in such a case, when the property was appraised at less than $300, and a trial had in the justice's court, and the case appealed to the common pleas, could not there recover his real damages. Certainly he might do so, if the property were appraised by the constable and appraisers at over $300, and the case then certified to the common pleas under the provisions of the statute. But in fact, judgment was only rendered for $300.

Third—We see no error in the action of the court in allowing defendant to file a copy of his answer and of the transcript. The plaintiff had been ordered to do so long before and had failed to comply with the order.

Fourth—It is claimed that plaintiff's counsel had no notice of the case being set for trial. This does not appear from the record. Full notice may have been given to them, and for all that appears, they may have been present at the trial.

Fifth—It is claimed that the verdict in the case did not comply with the law of 1891, 88 O. L., 275. This section, as we held in another case, having been brought long before the passage of the amendment, was governed by its provisions, and the form of the verdict was correct.

Sixth—It is further claimed that this judgment is illegal and is a nullity, for the reason that the statute passed May 14, 1894, (91 O. L., 791) "enlarging the jurisdiction of the probate court in certain coun-

ties," and which at the time of its passage, and perhaps at this time, only affects the county of Butler, is in contravention of the constitution of the state. That is, that the legislature had not the right, as is done by the statute, to give to the probate court of one or more counties, jurisdiction in partition cases, actions for the sale of real property under a mortgage lien, actions for divorce, etc., or to hear and determine cases appealed to the court of common pleas which may be transferred to it by said court, when in other counties of the state, probate courts have no such jurisdiction. The question then is, whether under the constitution of this state, such power and jurisdiction can be conferred on one only of the probate courts of the state. Section 8, of art. 4, of the constitution, after providing for and specifying what jurisdiction every probate court in the state shall have, says: "And such other jurisdiction in any county or counties as may be provided by law." And then the further question arises whether on other grounds this statute is in conflict with any of the provisions of the constitution, so as to make the same or other part thereof invalid for this reason.

In my opinion the legislature, under the express terms of the section of the constitution already quoted, sec. 8, article 4, which provides for the jurisdiction of all probate courts, "and such other jurisdiction in any county or counties as may be provided by law," has authority, to do what was attempted to be done by the first section of the act in question —that is, to give to the probate court of Butler county jurisdiction concurrent with that of the common pleas court in actions, (1) for the partition of real property, (2) for the sale of real or personal property under a mortgage lien or other incumbrance, and (3) for divorce and alimony, and for alimony alone and custody of children. It seems to be the plain meaning of this provision of the constitution that a probate court in one or more counties may have given to it by the legislature jurisdiction not conferred upon other probate courts unless thereby other constitutional provisions are infringed upon, and such was the distinct holding of Judge Ranney in deciding the case of Giesy v. R. R., 4 Ohio St., 308, at page 320, and of Judge Scott in deciding the case of Kelley v. State, 6 Ohio St., 269, at page 272, and without any dissent on this point. We think therefore that sec. 1, of the act is a valid law.

Section 2, of this statute attempts to confer upon the court of common pleas of Butler county the right and jurisdiction to transfer to the probate court of the county all cases then pending in said common pleas court on appeal from justices of the peace, or which might thereafter be appealed to said court, to the probate court, and to confer jurisdiction on said last named court to hear and determine the same. It is expressly held in the case of Kelley v. The State, 6 Ohio St., 269, that any law which relates to and regulates the jurisdiction of the court of common pleas is a law of a general nature, and must by the terms of another section of the constitution have a uniform operation throughout the state. It is clear that the section of the law under discussion does not do so. It applies only to Butler county, and no other court of common pleas in the state has the right or authority to transfer cases pending in that court to a probate court for trial, and we are of the opinion therefore that this whole section is invalid, and that the court of common pleas had no right to transfer this case to the probate court, and consequently that the probate court had no right or jurisdiction to try it, and that its action was a nullity. For the same reasons, the provisions of sec. 3, of the act, which provides that in all such actions appeals from the decision of the probate

court shall be filed in the circuit court, and that petitions in error to reverse such judgments of the probate court shall be filed in the circuit court, must be held to be invalid. They not only deprive the court of common pleas of Butler county of the right conferred by other statutes to entertain appeals and petitions in error in proper cases from entertaining the same, thus changing the jurisdiction of that court, but attempt to do the same with the jurisdiction of the circuit court, in giving it rights not conferred upon any other circuit court in the state. These provisions al o must be held to be invalid. The result of this holding is that this court has no jurisdiction whatever to hear or determine the question, whether the probate court erred in the rendition of the judgment complained of; and the case must be stricken from the docket.

*Morey, Andrews & Morey*, for plaintiffs in error.

*A. F. Hume*, for defendant in error.